NOT FOR PUBLICATION

FILED

MAR 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK MARC COOLEY, | No. 09-15719 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00509-KJD-RJJ |
| v. | |
| R. MCNABB; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 16, 2010[**]

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Frederick Marc Cooley appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that police officers violated his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

tk/Research

Fourth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (per curiam). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment to defendants on Cooley's search and seizure claim because reasonable suspicion supported the initial detention and frisking of Cooley. *See United States v. Vaughan*, 718 F.2d 332, 335-36 (9th Cir. 1983) (explaining that it was reasonable for officers to briefly detain and frisk an individual for weapons based on the arrest, pursuant to warrants, of his two companions); *see also United States v. Diaz-Juarez*, 299 F.3d 1138, 1142 (9th Cir. 2002) (noting that presence in a high-crime area is relevant to the reasonable suspicion analysis).

The district court concluded that the force used to effectuate Cooley's arrest was not excessive given that Cooley had been argumentative and had run from the officers. We agree and affirm the district court's ruling as to the force used to secure Cooley. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (explaining that there is no Fourth Amendment violation where the officers' actions are objectively reasonable in light of the facts and circumstances confronting them). However, Cooley testified at his deposition that after he was handcuffed and lying prone, Officer Embrey "nick-kicked" him in the head and then stepped on his neck,

causing him to feel like he was choking and causing the skin to be scraped off his cheek. This evidence, viewed in the light most favorable to Cooley, raises a triable issue as to whether Embrey used excessive force. *See Tekle v. United States*, 511 F.3d 839, 844-45 (9th Cir. 2007) (discussing factors for determining whether the force used was excessive and stating that the most important factor is the need for force). Further, Officer Embrey is not entitled to qualified immunity because it was clearly established at the time that "force is only justified when there is a need for force." *Blankenhorn*, 485 F.3d at 481. Accordingly, we reverse summary judgment on Cooley's excessive force claim against Officer Embrey and remand for further proceedings.

The district court did not abuse its discretion by denying Cooley's motion to amend his complaint. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**